I HAVE BEEN ASKED TO RESPOND TO YOUR REQUEST FOR A SUMMARY OF THE PERTINENT LEGAL PRINCIPLES WHICH DISTINGUISH BETWEEN THE AUTHORITY OF A PUBLIC ENTITY SUCH AS A STATE AGENCY TO CONDUCT A FORMAL PRAYER DURING ITS MEETINGS, AND THAT OF A PUBLIC ENTITY SUCH AS A LEGISLATIVE BODY TO CONDUCT FORMAL PRAYER.
OF COURSE, AS YOU KNOW, THE BASIC PRINCIPLES WHICH ARE THE FOUNDATION OF THE WELL-KNOWN TENET OF SEPARATION OF CHURCH AND STATE ARE EMBODIED IN THE ESTABLISHMENT CLAUSE AND THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION. AS YOU ARE NO DOUBT AWARE, THIS REQUIREMENT OF STRICT SEPARATION OF CHURCH AND STATE HAS BEEN REFLECTED BY NUMEROUS UNITED STATES SUPREME COURT DECISIONS THROUGHOUT THE COURSE OF OUR NATION'S HISTORY. MOREOVER, THESE DECISIONS AFFECT MANY AREAS OF OUR EVERYDAY LIVES. PROBABLY THE MOST FAMILIAR LINES OF DEMARCATION ARE DRAWN AROUND ISSUES OF TAXATION OF RELIGIOUS ENTERPRISES AND THE USE OF TAXPAYER DOLLARS TO SUPPORT OR PROMOTE, OR CONVERSELY TO ADVERSELY AFFECT, THE FREE EXERCISE OF ONE'S RELIGIOUS PREFERENCE.
THE LEAD U.S. SUPREME COURT CASE WHICH SETS FORTH THE STANDARD FOR ANALYZING WHETHER A PARTICULAR PRACTICE VIOLATES THE ESTABLISHMENT CLAUSE IS LEMON V. KURTZMAN,402 U.S. 602 (1971). THAT TEST IS THREE-FOLD: DOES THE PRACTICE AT ISSUE SERVE A SECULAR PURPOSE; DOES IT HAVE A PRIMARY EFFECT THAT NEITHER ADVANCES NOR INHIBITS RELIGION; DOES THE PRACTICE IMPERMISSIBLY ENTANGLE CHURCH AND STATE? THE "PRIMARY EFFECT" ELEMENT OF THIS TEST IS UTILIZED MOST OFTEN TO DETERMINE WHETHER THE ESTABLISHMENT CLAUSE OF THEFIRST AMENDMENT IS VIOLATED BY GOVERNMENTAL ACTION. SINCE 1972, THE LEMON STANDARD HAS BEEN FOLLOWED BY THE MAJORITY OF FEDERAL COURTS WHICH HAVE FOUND PUBLIC PRAYER BY PUBLIC BODIES TO BE VIOLATIVE OF THE ESTABLISHMENT CLAUSE. ALTHOUGH MOST OF THE PUBLIC PRAYER CASE LAW PERTAINS TO PRAYER IN PUBLIC SCHOOLS, IT MAY BE EXPECTED THAT THE STANDARD SET FORTH IN THE SCHOOL PRAYER CASES WOULD BE SIMILARLY APPLIED TO A STATE AGENCY.
ON THE OTHER HAND, PRAYER BEFORE A LEGISLATIVE SESSION WAS UPHELD BY THE UNITED STATES SUPREME COURT IN MARSH V. CHAMBERS, 463 U.S. 783 (1983). THE MARSH DECISION WAS BASED UPON A 200 YEAR HISTORY OF OPENING LEGISLATIVE SESSIONS WITH PRAYER. FEDERAL COURTS, HOWEVER, HAVE BEEN RELUCTANT TO EXPAND THE MARSH DECISION BEYOND THE RATHER NARROW FACTUAL CONTEXT PRESENTED IN THAT CASE.
A STATE AGENCY IS OF COURSE FREE TO OBSERVE A MOMENT OF SILENCE DURING WHICH THOSE IN ATTENDANCE MAY, IF THEY CHOOSE, OFFER A PRAYER APPROPRIATE TO THEIR PARTICULAR RELIGIOUS PREFERENCE.
I HAVE ENCLOSED FOR YOUR INFORMATION AND REVIEW A COPY OF THE LEMON AND MARSH CASES. IF THIS OFFICE CAN BE OF FURTHER ASSISTANCE TO YOU, PLEASE DO NOT HESITATE TO CONTACT ME.
(RELIGION/RELIGIOUS/PRAYER/STATE AGENCY)
(NED BASTOW)